## WOMACK *et al. v.* RICHARDSON.

(Division B. Nov. 27, 1933.)

[151 So. 173. No. 30859.]

**E. K. Windham** and **J. A. Cunningham**, both of Booneville, for appellants.

**Orma R. Smith**, of Corinth, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee made a motion in the court of a justice of the peace of Alcorn county against appellants L. M. Womack, sheriff of Prentiss county, and the surety on his official bond, to recover the sum of ninety-two dollars and eighty-nine cents, based upon the failure of the sheriff to levy and return an execution issued upon a judgment re covered by appellee against the Booneville Banking Company in the court from which the execution issued. The trial in the court of the justice of the peace resulted in a judgment in appellee's favor. From that judgment appellants appealed to the circuit court of Alcorn county, where there was a trial resulting in a judgment for appellee for the amount moved for; the circuit judge, by agreement, sitting both as judge and jury.

There was no dispute as to the facts of the case. In fact, they were agreed on in writing and made a part of the record. They were substantially as follows: The Booneville Banking Company was located and conducting its banking business at Booneville in Prentiss county. Appellee recovered a judgment against it in the sum of ninety-two dollars and eighty-nine cents in the court of a

justice of the peace of Alcorn county. Upon this judgment appellee had the justice of the peace issue an execution directed to the sheriff of Prentiss county. The execution was in the usual form. The sheriff of Prentiss county received it and failed and refused to make levy. The Booneville Banking Company had ample property at the time subject to execution out of which the judgment could have been made. When the sheriff approached the banking company with the view of levying the execution he was informed by its attorney that a motion had been filed to set aside the judgment, and a bond made for appeal from the action of the court in overruling the motion. It was agreed, however, that both the motion to set aside the judgment and the appeal bond were given more than ten days after the rendition of the judgment, "and the same had been done (referring to the motion to set aside the judgment and the appeal bond) prior to said execution, and the sheriff was notified, while he had the execution, of these facts by the attorney for the banking company." The sheriff made this return on the execution: "I have this day returned this execution as there is no personal property found, and this execution made returnable at an impossible date." The fact was that the execution was not made returnable at an impossible date. Shortly after the return of the execution the Booneville Banking Company was found insolvent and went into liquidation.

Appellee's motion against appellants was based on section 3319, Code of 1930. That section provides, among other things, that if any sheriff, deputy sheriff, coroner, or other officer shall voluntarily and without authority fail to levy an execution in his hands, the sureties on his official bond shall be liable to pay the plaintiff in execution the full amount of the judgment upon which the execution was issued, with twenty-five per cent. damages, and lawful interest to be recovered "with costs by motion *before the court to which the execution is return-*

*able.''* (Italics ours.) As shown, the execution was returnable before the court of the justice of the peace of Alcorn county, from which it was issued. The statute plainly so provides.

In the circuit court, for the first time appellants, claiming the authority so to do under section 495 of the Code of 1930, made a motion to transfer the cause to the circuit court of Prentiss county. The applicable provisions of that statute are in substance as follows: Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendants or any of them may be found, except actions of ejectment and for the statutory penalty for cutting and boxing trees and firing woods, and actions for the actual value of trees cut, which are required to be brought in the county where the land or some part thereof is situated; and if any ''public officer be sued in any such action, out of the county of his household and residence, although a surety or sureties, or some of the sureties, on his bond, or other joint defendant, sued with him, be found or be subject to action in such county, the venue shall be changed, on his application, before the jury is impaneled, to the county of his household and residence.''

Section 64 of the Code of 1930 provides that a party against whom a judgment has been rendered in a justice of the peace court ''may appeal to the circuit court of the county.''

We hold that appellants were not entitled to have the cause transferred from either the justice of the peace court or the circuit court of Alcorn county to the circuit court of Prentiss county for the following reasons: Section 495 applies alone to actions of which the circuit court has original jurisdiction. It has no application whatever to causes of action within the jurisdiction of justices of the peace. Section 3319 required the motion against the sheriff and his sureties to be made before the court ren-

dering the judgment and to which the execution was returnable.

Appellants contend that the sheriff was justified in refusing to make the levy because of the statement made to him by the attorney for the Booneville Banking Company, that the latter had made a motion to set aside the judgment, which had been overruled, and the cause appealed to the circuit court.

The motion to set aside the judgment and the appeal to the circuit court were made and taken more than ten days from the rendition of the judgment. There was no authority of law for the filing of the motion after the adjournment of the court. Under section 64 of the Code of 1930, the limit for such appeal is within ten days from the rendition of the judgment; therefore, the motion and the appeal were unauthorized and absolutely void—they amounted to nothing. The execution was not superseded by the motion and appeal; the cause stood exactly as if the motion and appeal had never taken place.

Affirmed.